HOSTETTER et ux. v. NEW YORK JOINT STOCK LAND BANK et al.

No. 6089.

Circuit Court of Appeals, Third Circuit.

May 20, 1936.

John N. Landberg, of Philadelphia, Pa., for appellants.

Barratt & Coxe and Henry B. Coxe, Jr., all of Philadelphia, Pa., for appellees.

Before BUFFINGTON and THOMPSON, Circuit Judges, and DICKINSON, District Judge.

PER CURIAM.

A petition was filed in this case under the original Frazier-Lemke Act (48 Stat. 1289), and proceedings had thereunder. These were dismissed without objection following the ruling of the Supreme Court that the act was unconstitutional. Thereafter the petitioners filed a voluntary petition in bankruptcy and were duly adjudged to be bankrupts. These proceedings are still pending, and the trustee in bankruptcy has been made a party appellee. After the passage of the amended Frazier-Lemke Act (Bankr.Act § 75 (s), as amended, 11 U.S.C.A. § 203 (s), a petition was filed thereunder and the original proceedings asked to be reinstated. The conciliation commissioner to whom this second proceeding was referred filed his report recommending that the petition be dismissed for the reason, inter alia, that the petitioners, having on their own petition been adjudged bankrupts, were not within the provisions of the act. Exceptions to this report and the petition and proceedings were dismissed. It is this order which is assigned for error. Section 75 (11 U.S.C.A. § 203) has a provision for transforming a petition under it into a bankruptcy proceeding, but there is no provision for a reverse. One assignable reason for this is that upon adjudication all the property of the bankrupts (except exempt property) passes by operation of law to the trustee. They in consequence have no farm property within the protection of the act. Several of the District Courts have so ruled. Aside from this, arrears of interest (less a small payment) and unpaid taxes have been accumulating for the last six years adding, in effect, to the mortgage debt. We see no reason to discuss the questions of law raised.

The petition for leave to appeal in forma pauperis is denied, and the appeal dismissed.